UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA GOMEZ, | ) Case No. CV 15-06784DDP (GJSx) |
| Plaintiff, | ) **ORDER DENYING DEFENDANTS'** |
| | ) **MOTION FOR ATTORNEYS' FEES** |
| v. | ) |
| | ) [Dkt. 112] |
| 7253 VARIEL AVE, et al., | ) |
| Defendants. | ) |

Presently before the court is Defendants 7253 Variel Ave, LLC and Leeds Property Management, Inc. (collectively "Defendants") Motion for Attorneys' Fees and Expert Witness Fees. After considering the parties' submissions, the court DENIES the Motion and adopts the following Order.

**I. BACKGROUND**

The court assumes the parties' familiarity with the facts of this case, which have been set forth more fully in the court's summary judgment Order. (Dkt. 105.) In brief, Plaintiffs Robin Davis, Carole Davis, London Rowlands (collectively, the "Davis

Plaintiffs") and Patricia Gomez brought this action on the basis of their treatment as tenants in Defendants' properties. (*See generally* Compl.) Specifically, the Complaint alleges the following causes of action: (1) discrimination on the basis of race, disability, and association in violation of Title VIII of the Civil Rights Act of 1968 (*id.* at ¶¶ 83-89); (2) housing discrimination in violation of Cal. Gov't Code § 12955 (*id.* at ¶¶ 90-96); (3) discrimination on the basis of race and color as to the Davis Plaintiffs and on the basis of association with the Davis Plaintiffs as to Gomez in violation of the California Unruh Civil Rights Act (*id.* at ¶100; *see also id.* at ¶¶ 97-105); (4) unlawful retaliation on the basis of race, color, and disability in violation of Title VIII of the Civil Rights Act of 1968 and Cal. Gov't Code §§ 12955(f),(g), and 12955.7 (*id.* at ¶¶ 106-10); (5) violations of Cal. Bus. & Profs. Code § 17200 ("UCL") (*id.* at ¶¶ 111-22); (6) negligence (*id.* at ¶¶ 123-26).

On February 16, 2017, after the close of discovery and after Defendants' Motion for Partial Summary Judgment had been fully briefed, the Davis Plaintiffs settled their claims with Defendants. (*See* Dkt. 69.) The joint stipulation provided that the settling parties were to bear their own costs and attorneys' fees. (Dkt. 87.) Gomez's claims were not settled, however, and the court proceeded to hear argument on the partial summary judgment motion as to her claims. The court granted Defendants' summary judgment and dismissed the case. (Dkt. 105.) Defendants now move to recover reasonable attorneys' fees and costs incurred in connection with this matter, including expert witness fees, in the amount of $131,285.75 pursuant to the statutory fee-shifting provisions codified in the Fair Housing Act, 42 U.S.C. § 3613(c)(2), the California Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12989.2, and the California Disabled Persons Act, Cal. Civ. Code § 55. (Dkt. 112.)

**II. DISCUSSION**

**A. Attorneys' Fees under the FHA and FEHA**

In actions brought by private persons under the Fair Housing Act, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fees and costs." 42 U.S.C. § 3613(c)(2). Likewise, the California Fair

2

1  Employment and Housing Act ("FEHA") provides: "the court may, in its discretion,
2  award the prevailing party, other than the state, reasonable attorney's fees and costs."
3  Cal. Gov't Code § 12989.2. Although these provisions do not distinguish between
4  prevailing plaintiffs and prevailing defendants, courts applying the Fair Housing Act's
5  fee-shifting provision have exercised their discretion by awarding fees to a prevailing
6  defendant only "upon a finding that the plaintiff's action was frivolous, unreasonable, or
7  without foundation." *Christiansburg Garment Co. v. Equal Employment Opportunity
8  Commission*, 434 U.S. 412, 421 (1978); *see Kalai v. Hawaii, Dep't of Human Servs. Hawaii Pub.
9  Hous. Auth.*, Civ. No. 06-00433 JMS-LEK, 2009 WL 2224428, at *4 (D. Haw. July 23, 2009);
10 *see also Rosenman v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro*, 91 Cal. App. 4th
11 859, 874 (2001) (addressing the application of *Christianburg* to California FEHA claims). In
12 applying this standard, "it is important that the district court resist the understandable
13 temptation to engage in post hoc reasoning by concluding that, because a plaintiff did
14 not ultimately prevail, his action must have been unreasonable or without foundation."
15 *Christiansburg*, 434 U.S. at 421–22.

16      Defendants' initial motion for attorneys' fees focused exclusively on the fact that
17 they were the prevailing parties in the instant litigation. (Mot. 8-10.) In light of the court's
18 March 8 Order granting summary judgment in favor of Defendants on all claims and
19 dismissing the case, the court finds that Defendants are correct that they are the
20 "prevailing parties" for purposes of determining fee-shifting under the FHA and FEHA.
21 Nonetheless, as Plaintiff notes, prevailing party status alone does not justify a fee award
22 to prevailing defendants. (Opp'n 7-9.) Rather, a prevailing defendant also bears the
23 burden of demonstrating that a suit was "frivolous, unreasonable, or without
24 foundation." Plaintiff argues that a fee award is not justified because she made
25 reasonable arguments and Defendants' fee motion failed to address this standard in the
26 opening brief. (*Id.*)

27      In their reply brief, Defendants argue that Plaintiff's suit was frivolous, unreasonable,
28 or without foundation on several grounds. First, Defendants note that Plaintiff's case did

3

not raise any "issues of first impression or novel theories." (Reply 5.) Although some courts have found that litigating an issue of first impression or a novel theory may provide a reason for denying a request for fees, none have held that it is a prerequisite to denying fees. *See, e.g.*, *Gibson v. Office of Atty. Gen., State of California*, 561 F.3d 920, 929 (9th Cir. 2009) (denying fees where plaintiff raised a question of first impression as an application of the ordinary standard that "[a] case may be deemed frivolous only when the 'result is obvious or the . . . arguments of error are wholly without merit'" (quoting *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003))). To the contrary, a number of courts have denied attorneys' fees to prevailing defendants where the plaintiff had some "reasonable factual basis for filing suit," even if the case presented no novel issues. *Dow v. Lowe's Home Improvement, Inc.*, No. C05-3077 MMC, 2007 WL 196746, at *2 (N.D. Cal. Jan. 23, 2007); *see also Cummings v. Benco Building Services*, 11 Cal. App. 4th 1383 (1992) (denying fees to prevailing defendant under FEHA where the action was "a routine case in which the plaintiff merely failed to achieve success on her claim").

Defendants also argue that the instant case was frivolous and unreasonable because some of Plaintiff's claim had been litigated and resolved in an earlier action. Further, Defendants note that Plaintiff's claim ultimately failed because of a lack of evidence that Defendants acted on the basis of discriminatory motives or violated federal and state anti-discrimination law.

Although the court ultimately concluded that Defendant should prevail at summary judgment, it does not find that this was a case where Plaintiff's suit was frivolous, unreasonable, or without foundation. First, although part of Plaintiff's claim under the FHA and FEHA was resolved in a prior Unlawful Detainer action, it was not unreasonable for Plaintiff to raise the issue in her federal action. As the court noted in the summary judgment order, Unlawful Detainer actions are afforded "very limited res judicata effect." *Vella v. Hudgins*, 20 Cal. 3d 251, 255 (1977). Here, the court found that the particular stipulated judgment entered into by the parties had preclusive effect, but it was not unreasonable for Plaintiff to think that the summary nature of such proceedings,

4

along with the limited language of the waiver— "resolv[ing] any claims or causes of action involving ADA parking violations only""—may have allowed her to relitigate the claim in this action. (*See* SJ Order at 7-8.); *Edwards v. Princess Cruise Lines, Ltd.*, 471 F. Supp. 2d 1032, 1033 (N.D. Cal. 2007) (holding that a time-barred claim was not frivolous because how the procedural rule "would be applied to the instant action could not have been entirely clear to either party"). Likewise, on Plaintiff's retaliation claim under the FHA and FEHA, the court actually found that Plaintiff had created a triable issue as to whether she had engaged in protected activity and was subject to an adverse action by Defendant. (*See id.* 11-13.) The court ultimately granted summary judgment due to the lack of evidence demonstrating a causal link between the alleged protected activity and adverse action. Thus, this is not a situation where the claim was "wholly without merit," *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007), but instead where there was ultimately not enough evidence to proceed to trial. *See Shah v. Mt. Zion Hospital and Medical Center*, 642 F.2d 268, 270 (9th Cir. 1981) (affirming denial of fee where plaintiff "had not established a prima facie case of discrimination," but the claim was "not entirely 'frivolous, unreasonable, or without foundation'").

**B. Attorneys' Fees under the Unruh Civil Rights Act and the CDPA**

Defendants also seek to recover fees pursuant to Cal. Civ. Code § 55. Section 55 provides that "[a]ny person who is aggrieved or potentially aggrieved by a violation of Section 54 or 54.1 of this code . . . may bring an action to enjoin the violation. The prevailing party in the action shall be entitled to recover reasonable attorney's fees." Cal. Civ. Code § 55. Section 54 and 54.1, in turn, codify the California Disabled Persons Act (CDPA) and provide that "[i]ndividuals with disabilities shall be entitled to full and equal access . . . to all housing accommodations." For actions brought pursuant to the CDPA, the California Supreme Court held that "the plain language of section 55 makes an award of fees to any prevailing party mandatory," regardless of whether they were the plaintiff or defendant. *Jankey v. Song Koo Lee*, 55 Cal. 4th 1038, 1042 (2012).

5

As the California Supreme Court explained in *Jankey*, however, California law affords individuals with disabilities multiple, overlapping tools for remedying denials of access. *Id.* at 1044-45. In addition to the CDPA provisions noted above, the Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq., also "outlaws arbitrary discrimination in public accommodations and includes disability as one among many prohibited bases." *Id.* at 1044 (citing Cal. Civ. Code § 51, subd. (b)). The Unruh Act also incorporates by reference the ADA, "making violations of the ADA per se violations of the Unruh Civil Rights Act." *Id.* at 1045 (citing Cal. Civ. Code § 51, subd. (f)). Although both the Unruh Act and the CDPA provide mechanisms for aggrieved individuals with disabilities to pursue relief, they differ in the precise remedies they offer. *Id.* Particularly relevant to this case, the CDPA provides for bilateral fee-shifting, while, "[u]nder the Unruh Civil Rights Act, the plaintiff can recover attorney's fees if he or she prevails, but the defendant cannot." *Molski v. Arciero Wine Grp.*, 164 Cal. App. 4th 786, 791 (2008) (citing Cal. Civ. Code § 52, subd. (a) and *Gunther v. Lin*, 144 Cal. App. 4th 223, 242 (2006) *overruled on other grounds by Munson v. Del Taco, Inc.*, 46 Cal. 4th 661 (2009)).

Although Defendants' motion broadly seeks recovery of their attorneys' fees under the "Unruh Civil Rights Act" (*see* Mot. 7-8,) the precise statutory basis for recovery identified in the fee motion is section 55's bilateral fee-shifting provision. This distinction is significant because, as noted above, a prevailing Defendant can only recover fees pursuant the *CDPA*'s fee-shifting provision codified at section 55. In order to recover pursuant to this provision, Defendants must demonstrate that Plaintiff brought this case under section 54 or 54.1. However, a review of the Complaint, as well as the summary judgment briefing, does not support a finding that Plaintiff brought this action pursuant to Section 54 or 54.1 (i.e., the CDPA). Instead, the Complaint alleges that "Defendants' acts and omissions . . . constitute discriminatory practices in violation of Cal. Civil Code § 51, et seq." (Compl. ¶ 98.) Furthermore, the only law referenced in this cause of action is the "California Unruh Civil Rights Act, California Civil Code § 51, et seq." (*Id.* ¶ 99.) Finally, the remedies Plaintiff seeks are the ones "pursuant to Civil Code §§ 51 and

52.1(f)," further confirming that this was an Unruh Action and not a CDPA action where the remedies would be provided by section 55. (*Id.* ¶ 105.)

Despite this unambiguous pleading, Defendants argue that the court should construe the action as one pursuant to Section 54 because "the crux of this lawsuit was that she believed she was denied access and reasonable accommodations based on her disability." (Reply 2.) The court declines to do so. As an initial matter, such a rewriting of the Complaint undermines the well-established premise that "the plaintiff is the master of the complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987). This is particularly the case where, as here, a plaintiff may choose among various statutory bases for suit, each with their own pleading requirements and consequences. Moreover, even if the court were inclined to find that the "crux" of Plaintiff's claim pertained to disability discrimination, the specific cause of action asserted under the Unruh Civil Rights Act contains no reference to Plaintiff's disability. As Plaintiff unequivocally states in her opposition to the fees motion, "At no time and in no filing with or before this Court has Gomez asserted a claim under the Unruh Civil Rights Act in connection with her disability or medical condition." (Opp'n 6.) This is confirmed by a review of the Complaint, which, as to this cause of action, states that Defendants denied equal benefits to Plaintiffs "based on discrimination because of the race and color of the DAVIS Plaintiffs and *on account of Plaintiff Gomez's association with the DAVIS Plaintiffs . . . .*" (Compl. ¶ 100 (emphasis added).) Given that Plaintiff did not assert any claims under Section 54 or 54.1, the court finds that Defendants cannot invoke section 55's fee-shifting provision. Instead, the only claims asserted in this cause of action are under the Unruh Civil Rights Act, which limits fee award to prevailing plaintiffs.

**C. Remaining Issues**

In light of the court's conclusion that the recovery of reasonable attorneys' fees is not warranted under any of the statutory bases identified by Defendants, the court does

not address whether the fees requested are reasonable or whether Defendants would be able recover expert witness fees as part of the attorneys' fees award.[1]

**IV. CONCLUSION**

For the reasons stated above, the court DENIES Defendants' Motion for Attorneys' Fees.

**IT IS SO ORDERED.**

Dated: May 17, 2017

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

---

[1] Although the court does not address the reasonableness of Defendants' fee request, the court notes that the lack of detail in the billing records submitted by Defendants may have limited any possible recovery by Defendants. The Ninth Circuit has instructed that "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992). Here, Defendants billing records list entries according to time spent, time keeper, and billing code. (See Declaration of Meredith D. Steward, Ex. D.) The records do not include any key for deciphering the billing codes. The only explanation comes in the form of a Declaration stating that groups of four or five billing codes were associated with certain subsets of tasks. (Id. ¶¶ 24-26, n.3-5.) This format precludes meaningful review of the time records by either Plaintiff or this Court. This lack of detail would have presented additional problems here, where Defendants might only have been entitled to recover attorneys' fees pursuant to some causes of action and where a fee reduction might have been justified to account for the time spent litigating the Davis Plaintiffs' claims, which were settled with each side bearing their own fees and costs.

8